UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew J. Campanella,

    Plaintiff,

v.                                                         Case No. 19-cv-171 (JNE/LIB)
                                                         ORDER

Northern Properties Group, LLC,

    Defendant,

and

Auto-Owners Insurance Company,

    Intervenor.

The case captioned above was filed by Matthew Campanella against Northern Properties Group, LLC. Auto-Owners Insurance Company, which insures Northern Properties, intervened and this matter is before the Court on Auto-Owners' motion for summary judgment. For the reasons stated below, the Court grants this motion.

BACKGROUND

Campanella alleges that on August 1, 2017, he rented a residence from Northern Properties that—unbeknownst to him—contained toxic levels of chicken feces. ECF No. 20, Third Am. Compl. at 1. Campanella claims he contracted histoplasmosis because Northern Properties carelessly and negligently failed to clean and maintain the residence. *Id.*

1

Histoplasmosis is a sometimes serious infection caused by a fungus in the environment, particularly in soil containing large amounts of bird or bat droppings. ECF No. 54, Seeberger Aff., Ex. H. "People can get histoplasmosis after breathing in the microscopic fungal spores from the air. . . . Many people who get histoplasmosis will get better on their own without medication, but in some people, such as those who have weakened immune systems, the infection can become severe." *Id.*

Northern Properties has an insurance policy through Auto-Owners with a policy term of 10/27/2016 through 10/27/2017. Seeberger Aff., Ex. D at 2. The policy has been renewed each year with coverage through 10/27/2020. Seeberger Aff., Exs. E, F, G. The policy insures the property located at 9217 E. State Road 13, South Range, Wisconsin. Seeberger Aff., Ex. D at 2. The relevant portions of the policy, including what it covers and excludes, are quoted and discussed in the analysis.

STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

In determining whether summary judgment is appropriate, a court views the record and all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

ANALYSIS

The parties dispute whether Auto-Owners has a duty to defend and indemnify Northern Properties against Campanella's alleged injury. The parties also dispute whether Minnesota or Wisconsin law controls this issue. The Court discusses the latter issue before delving into the main dispute.

A. Choice of Law

Auto-Owners argues Wisconsin law applies. Campanella and Northern Properties argue Minnesota law applies. "In determining which state's law applies, we look to the choice of law principles of the forum state—[Minnesota]."*Am. Fire & Cas. Co. v. Hegel*, 847 F.3d 956, 959 (8th Cir. 2017). However, "[b]efore a choice-of-law analysis can be applied, a court must determine that a conflict exists between the laws of two forums." *Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.*, 604 N.W.2d 91, 93–94 (Minn. 2000).

Here, there is no conflict between Wisconsin and Minnesota law. Both states use the same three-step process to determine whether an insurer has a duty to defend its insured. First, it is the insured's burden to establish a prima facie case, or an initial grant, of coverage.[1] *Water Well Sols. Serv. Grp., Inc. v. Consol. Ins. Co.*, 881 N.W.2d 285, 291 (Wis. 2016); *Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 617 (Minn. 2012). If the insured meets its burden of establishing coverage of the claim, the

---

[1] Minnesota uses "prima facie coverage" while Wisconsin uses "initial grant of coverage." While the phrasing is different, the first step involves the same legal analysis in both states.

burden shifts to the insurer to prove an exclusion in the policy applies. *Water Well Sols. Serv. Grp., Inc.*, 881 N.W.2d at 291–92; *Remodeling Dimensions, Inc.*, 819 N.W.2d at 617. If an exclusion applies, the burden shifts back to the insured to prove an exception to the exclusion. *Water Well Sols. Serv. Grp., Inc.*, 881 N.W.2d at 292; *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 314 (Minn. 1995), *overruled on other grounds by Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910 (Minn. 2009). Because there is no conflict, the Court need not determine which state's law applies.

    B.  Auto-Owners' Duty to Defend

        1.  Prima Facie, or an Initial Grant of, Coverage

Auto-Owners' duty to defend would arise if any of Campanella's claims "arguably" fall within the policy's scope of coverage. *See Gen. Cas. Co. of Wisconsin v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 576 (Minn. 2009); *J.G. v. Wangard*, 753 N.W.2d 475, 482 (Wis. 2008). To determine whether Campanella's cause of action is "arguably covered," the Court compares the wording of an insurance policy to the allegations of the complaint. *See Gen. Cas. Co. of Wisconsin*, 762 N.W.2d at 576; *J.G.*, 753 N.W.2d at 482. While words of an insurance policy are given their plain and ordinary meaning, any ambiguities in a policy are construed in favor of the insured, according to what the insured would have reasonably understood them to mean. *See Gen. Cas. Co. of Wisconsin*, 762 N.W.2d at 575; *J.G.*, 753 N.W.2d at 482–83.

Campanella alleges that he contracted histoplasmosis from toxic levels of chicken feces because "Defendant carelessly and negligently failed to properly clean and maintain

4

the residence being rented to Plaintiff." Third. Am. Compl. at 1. Auto-Owners' insurance policy to Northern Properties states:

> [Auto-Owners] will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage**:
> a. arising out of the ownership, maintenance or use of the **described premises** as a rental dwelling; and
> b. caused by an **occurrence** to which this coverage applies.

Seeberger Aff., Ex. D at 24 (emphasis in original). In other words, Auto-Owners must pay any damages Northern Properties is legally obligated to pay due to: (1) a bodily injury, (2) arising out of ownership, maintenance, or use of the insured premises as a rental dwelling, and (3) caused by an occurrence.

Auto-Owners admits that Campanella suffered a bodily injury and that Campanella rented the insured premises for use as a dwelling. ECF No. 53 at 10; ECF No. 59 at 2.

The dispute is whether Campanella contracting histoplasmosis is an "occurrence." The policy defines an occurrence as "an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions." Seeberger Aff., Ex. D at 10. The policy does not define "accident" but both Minnesota and Wisconsin have defined "accident" almost identically. Minnesota has interpreted an "accident" to mean "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Remodeling Dimensions, Inc.*, 819 N.W.2d at 611. Wisconsin has similarly interpreted an "accident" to mean "[a]n unexpected, undesirable event or an unforeseen incident which is characterized by a lack of intention." *Estate of Sustache v.*

5

*Am. Family Mut. Ins. Co.*, 751 N.W.2d 845, 853 (Wis. 2008) (internal citation and quotations omitted).

Only Auto-Owners argues that Campanella contracting histoplasmosis was not an accident and asserts, "it is difficult to imagine any scenario in which the accumulation of chicken feces in a residential dwelling to a 'toxic level' due to a failure to clean the premises would be accidental." ECF No. 53 at 13.

Even if Northern Properties intentionally allowed a toxic build-up of chicken feces on the premises, Auto-Owners cannot point to any facts suggesting that any party foresaw Campanella contracting histoplasmosis. In fact, Auto-Owners admits that "most people who breathe in the [histoplasma fungi] spores don't get sick." Seeberger Aff., Ex. H. In other words, Campanella contracting histoplasmosis was unexpected and unforeseen—an "accident" as both Minnesota and Wisconsin have defined it. Because Campanella's histoplasmosis was an accident, it qualifies as an occurrence under the policy.

Comparing the language of the insurance policy to Campanella's complaint, his alleged injury is covered under the policy. Campanella suffered the bodily injury of histoplasmosis while renting a residence through Northern Properties; this residence is covered under the policy; and contracting this sickness is an occurrence under the policy. The burden now shifts to Auto-Owners to establish that an exclusion in the policy applies.

2. Policy Exclusions

"Because most insurance policies are preprinted forms drafted solely by insurance companies—basically contracts of adhesion—policy words of inclusion will be broadly construed, and words of exclusion are narrowly considered." *Gen. Cas. Co. of Wisconsin*,

762 N.W.2d at 575; *see also J.G.*, 753 N.W.2d at 482. While unambiguous words will be given their plain and ordinary meaning, ambiguous words are construed against the insurer according to the "reasonable expectations" of the insured. *Gen. Cas. Co. of Wisconsin*, 762 N.W.2d at 575; *see also J.G.*, 753 N.W.2d at 482–83.

The policy reads:

COVERAGE F – LANDLORD LIABILITY and
COVERAGE G – MEDICAL PAYMENTS TO OTHERS
No coverage applies:
. . .

10. to **bodily injury, property damage** or **personal injury** arising out of, in part or in whole, the actual, threatened or alleged ingestion of, inhalation of, exposure to, contact with, presence of, or existence of, any **fungi**, wet rot, dry rot or bacteria, whether airborne or not, within or on a structure or building, including its contents. This exclusion applies whether any other event, cause, product or material contributed in any sequence or concurrently to such damage or injury. This exclusion shall not apply to any **fungi** or bacteria that are contained in or are on a product or good intended for human consumption.

11. to any loss, expense or cost arising out of the monitoring, testing for, abating, removing, cleaning up, containing, neutralizing, detoxifying, treating, disposing of or remediating, or in any way assessing the effects of, or responding to, **fungi**, wet rot, dry rot or bacteria, by any **insured** or by any other entity, person or governmental authority. This exclusion shall not apply to any **fungi** or bacteria that are contained in or are on a product or good intended for human consumption.

Seeberger Aff., Ex. D at 25 (emphasis in original).

The policy unambiguously excludes coverage for any injury caused by fungi on the insured premises regardless of any contributing factor. And Campanella's allegations perfectly fit exclusion 10; he alleges he suffered the injury of histoplasmosis which was caused by fungi in his rental dwelling.

Campanella argues the exclusions do not apply because the parties only intended to exclude bodily injury caused by fungus from wet or dry rot in newly-constructed homes. The plain language of the policy contradicts Campanella's assertion. The policy excludes coverage for *any* fungi, including but not limited to, fungi associated with wet or dry rot.

Northern Properties argues Campanella's injury was allegedly caused by Northern Properties' negligence in cleaning and maintaining the rental property, and not any fungi. This argument is unpersuasive. First, this argument would render Campanella's Third Amended Complaint meaningless. Under this interpretation, Campanella alleges he developed histoplasmosis, there was allegedly chicken feces in the residence, and the two circumstances are unconnected. Northern Properties ignores the fact that only a fungus found in bird and bat droppings can cause histoplasmosis. Second, the plain language of the policy excludes coverage for fungi regardless of "whether any other event, cause, product or material contributed in any sequence or concurrently to such damage or injury." *Id.* The cause of Campanella's histoplasmosis was fungi from the chicken feces in Northern Properties' rental residence. Northern Properties failing to clean the residence was another event or cause that may have contributed to Campanella's injury—but not the cause itself.

At oral argument, Northern Properties argued for the first time that there is a genuine dispute of material fact as to whether histoplasmosis can be caused by something other than bird or bat droppings. Northern Properties then asserted it would request further discovery into this matter. Auto-Owners submitted statements from the Center for Disease Control ("CDC")—whose findings other courts have taken judicial notice of—to assert that histoplasmosis is caused by bird or bat droppings. *See e.g.*, *Starr Surplus Lines Ins.*

8

*Co. v. Mountaire Farms Inc.*, 920 F.3d 111, 115–16 (1st Cir. 2019). The Court does not need to take judicial notice of the CDC's findings on the cause of histoplasmosis because Northern Properties did not point to any facts suggesting another cause at the motion hearing or in its motion papers. Northern Properties also cannot request further discovery because fact discovery closed on December 2, 2019—over two months prior to the instant motion hearing. *See* ECF No. 27.

In sum, while Northern Properties' policy with Auto-Owners covers bodily injuries arising out of accidents at an insured rental property, Campanella's alleged injuries from contracting histoplasmosis are excluded because they were caused by a fungus. Auto-Owners therefore has no duty to defend or indemnify Northern Properties against Campanella's claims. *See Remodeling Dimensions, Inc.*, 819 N.W.2d at 616 ("[A]n insurer has no duty to indemnify when its insured is found liable for a third-party claim that is outside the policy's scope."); *see also Water Well Sols. Serv. Grp., Inc.*, 881 N.W.2d at 292.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT Auto-Owners' Motion for Summary Judgment, ECF No. 51, is GRANTED.

Dated: February 28, 2020

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge
